## DEPPE et al. v. GENERAL MOTORS CORPORATION.

### No. 4634.

Circuit Court of Appeals, Third Circuit.
Sept. 25, 1931.

Rehearing Denied Nov. 2, 1931.

Atlee Pomerene, of Cleveland, Ohio, and Newton A. Burgess, of New York City, for petitioners.

Melville Church, of Washington, D. C., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is a motion of William P. Deppe and Deppe Motors Corporation, hereafter called plaintiffs, to grant them leave to file a bill of review in a patent case decided by the United States District Court for the District of New Jersey October 20, 1926. 15 F.(2d) 419. The appeal therefrom was decided adversely to plaintiffs by this court June 7, 1927. 21 F.(2d) 44. A petition for rehearing was denied August 23, 1927. Following, and shortly thereafter, the Supreme Court refused a certiorari. 275 U. S. 572, 48 S. Ct. 204, 72 L. Ed. 433.

As the sustaining of that suit would have seriously affected the automobile industry of the country, that industry has, in its expenditures and operations during these four intervening years, presumably relied on the stability and finality of the decision of this court. It is now sought to explain the plaintiffs' several years' apparent acquiescence in, and submission to, such decree by the contention of lack of money on their part to make a motion to review. But we infer such motion is even now made by them at their own expense, as the statement is here made

that, if their motion is now granted, third parties will hereafter furnish the additional funds to carry on the consequent costly litigation.

Possibly we might rest our decision to deny plaintiffs' motion on their laches, but we have re-examined our decision and are satisfied our estimate of the patent was right. Moreover, no question of really after-discovered evidence is shown. In point of fact, such alleged after discovery is a bulletin issued by the United States Bureau of Standards which it is alleged confirms the plaintiffs' contention of the scope and basic character of their patent and the use of heated screens. But the possible use of such screens was known to plaintiffs and by them disclosed before the decision by this court. Moreover, in our view, had this government report been made before our decision and been given in evidence before us, it would not, important as it is, have affected our view of the issue before us as to what Deppe really invented, as to what he disclosed in his specification, and as to what, in the light of such disclosure, his patent was restricted.

Judge DAVIS took no part in the disposition of this case.